**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WADE MIXON on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO.: 3:19-cv-00018** |
| **FLUOR ENTERPRISES, INC.** | § § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

1.      Plaintiff Wade Mixon and the employees he seeks to represent ("Class Members") are current and former employees that Defendant Fluor Enterprises, Inc. ("Defendant") failed to pay overtime at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.  Defendant knowingly and deliberately failed to compensate Plaintiff and the Class Members overtime pay at the rate required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a).

2.      Defendant violated the FLSA by paying the Plaintiff and Class Members an hourly rate of pay for all hours worked without an additional premium for those hours worked over 40 in a workweek  Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff also prays that the class of similarly situated worked be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because Defendant maintains its headquarters in this district, the decision to pay the Plaintiff and Class Members in the illegal manner alleged herein was made in this district, and pay records and other records are maintained in this district.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Wade Mixon is an individual residing in Martinez, Georgia. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The Class Members are all current and former employees of Defendant who were paid an hourly rate of pay without overtime at the rate of time and one half their regular rate of pay for those hours worked over 40 in a workweek at any time during the three-year period before the filing of this Complaint.

7. Defendant Fluor Enterprises, Inc. is a foreign company organized under the laws of California. Defendant may be served process through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

8. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Defendant had and continues to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over it. Specifically, Defendant conducts business in Texas and employs citizens of Texas.

## COVERAGE

10. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

11. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

12. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

14. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

15. Defendant Fluor Enterprises, Inc. is an engineering, procurement, and construction company that employs workers throughout the United States.

16. Plaintiff worked for Defendant as a field engineer from approximately April 2016 to October 2017. Plaintiff's duties included conducting inspections, completing paperwork, and performing maintenance.

17. Plaintiff was paid an hourly rate of pay for all hours worked.

18. However, when Plaintiff worked more than 40 hours in a week, he was not paid at the rate of time and one half his regular rate of pay for all hours over 40.

19. Plaintiff regularly worked more than 40 hours in a week.  In fact, Defendant scheduled Plaintiff to work at least 10 hours each day during the majority of the days that he worked for the Defendant.  Plaintiff was also required to work on the weekends.  Therefore, Plaintiff worked in excess of 60 hours per week at times.

20. Additionally, the Class Members also regularly worked more than 40 hours in a workweek for Defendant.

21. The Class Members also were paid an hourly rate of pay but were not paid at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.

22. The Plaintiff and Class Members are not exempt from the overtime requirements under the FLSA.

23. Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

24. No exemption in the FLSA shelters Defendant from paying overtime to the Plaintiff and Class Members.

25. None of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff or the Class Members because they were not paid on a "salary" basis or "fee" basis as required under 29 U.S.C. § 213(a)(1).

26. Additionally, the primary duty of the Plaintiff and Class Members is not to supervise other employees or manage a customarily recognized department of Defendant's company.

27. The Plaintiff and Class Members have no authority to hire or fire other employees.

28. The primary duty of the Plaintiff and Class Members is to perform work related to Defendant's core business, not the management of the company's operations.

29. The primary duty of the Plaintiff and Class Members does not require independent judgment or discretion.

30. The primary duty of the Plaintiff and Class Members is not computer-systems analysts, computer programmers, software engineers, or other similar employees.

31. As a result of Defendant's pay policies, Plaintiff and the Class Members were denied overtime pay.

32. Defendant knew, or showed reckless disregard for whether Plaintiffs and the Class Members were entitled to overtime pay under the law.  In particular, Defendant is a large company that knew about the requirement to pay overtime pay.  The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

33. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

34. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

35. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

37. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

38. Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

39. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other employees who were also paid straight time for all hours worked throughout his employment tenure with Defendant.

40. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

41. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

42. Class Members perform or have performed the same or similar work as Plaintiff and were not paid overtime by Defendant.

43. Class Members were also paid an hourly rate but were not paid at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.

44. Class Members are not exempt from receiving overtime pay under the FLSA.

45. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

46. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any Class Member.

47. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the Class Members.

48. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

49. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

50. Although the exact amount of damages may vary among the Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

51. As such, the class of similarly situated Plaintiffs for the Class is properly defined as follows:

> **All current and former employees of Defendant paid an hourly rate of pay for all hours worked without an additional premium at the rate of time and one half their regular rate of pay for those hours worked over 40 in a workweek at any time during the three-year period before the filing of this Complaint.**

## JURY DEMAND

52. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

53. For these reasons, Plaintiff and Class members respectfully request that judgment be entered in their favor awarding the following relief:

a. An order designating the Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members to permit them join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

c. An order awarding attorneys' fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Don J. Foty
Don J. Foty
dfoty@kennedyhodges.com
Texas State Bar No. 24050022
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

Attorney for Plaintiff and Class Members